J-S24007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRYAN JOSEPH SEDLAK :
:
Appellant : No. 40 WDA 2025

Appeal from the PCRA Order Entered December 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015740-2007

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:          **FILED:  September 23, 2025**

Appellant Bryan Joseph Sedlak appeals from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition without a hearing.  After review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> This is an appeal from [the PCRA court's] denial of [Appellant's PCRA] petition.  On March 2, 2009, following a jury trial before the Honorable Jeffrey A. Manning, [Appellant] was convicted of third-degree murder and abuse of a corpse.[2, 3] [Appellant] was

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c), and 5510, respectively.

[3] The charges stemmed from Appellant shooting and killing Patrick Kenney (the decedent) on February 2, 2005, at a tanning salon Appellant owned.  ***See Commonwealth v. Sedlak***, 1748 WDA 2019, 2020 WL 3484971, at *1 (Pa.
*(Footnote Continued Next Page)*

sentenced to an aggregate term of imprisonment of not less than 19 years nor more than 38 years. [Appellant] filed a direct appeal at 264 WDA 2010 and on April 7, 2011, the Superior Court affirmed the judgment. [***Commonwealth v. Sedlak***, 29 A.3d 825, 264 WDA 2010 (Pa. Super. filed Apr. 7, 2011) (unpublished mem.)]. [Appellant] filed a petition for allowance of appeal with the Pennsylvania Supreme Court at 205 WAL 2011 [on] September 12, 2011, the Supreme Court [of Pennsylvania] denied the petition. [***Commonwealth v. Sedlak***, 29 A.3d 373, 205 WAL 2011 (Pa. filed Sept. 12, 2011)]. On August 16, 2012, [Appellant] filed his first PCRA petition. That petition was denied by Judge Manning. [Appellant] appealed and on February 20, 2014, the Superior Court affirmed the dismissal. [***Commonwealth v. Sedlak***, 1654 WDA 2012, 2014 WL 10986121 (Pa. Super. filed Feb. 20, 2014) (unpublished mem.)]. [Appellant] filed a petition for allowance of appeal which was denied on September 30, 2014. [***Commonwealth v. Sedlak***, 101 A.3d 103, 241 WAL 2014 (Pa. filed Sept. 30, 2014)]. [Appellant] filed a petition for a writ of *habeas corpus* in federal court on April 16, 2015[,] and that petition was denied on January 28, 2016. [***Sedlak v. Supt. S.C.I. Houtzdale***, 2016 WL 356047 (W.D.Pa. 2016)]. [Appellant] filed an appeal of that decision and on February 19, 2016, the Third Circuit Court of Appeal denied a certificate of appealability. [Appellant] then filed a *pro se* petition for a writ of *habeas corpus* on September 1, 2016. That petition was denied on September 29, 2016. [***Sedlak v. Supt. S.C.I. Houtzdale***, 2016 WL 11893019 (W.D.Pa. 2016)]. [Appellant] filed an appeal but the Third Circuit Court of Appeals denied a certificate of appealability on February 15, 2017. After [Appellant] sought *certiorari* in the United States Supreme Court, that Court denied the petition on December 4, 2017. [***Sedlak v. Smith***, 583 U.S. 1019 (U.S. 2017)]. [Appellant] then filed a *pro se* [PCRA] petition . . . on February 13, 2020. That petition was denied by Judge Manning because it was untimely. [Appellant] filed an appeal with the Superior Court and that Court affirmed Judge Manning's ruling on

---

Super. filed Jun. 26, 2020) (unpublished mem.) (citation omitted). At trial, Appellant raised a claim of self-defense, asserting that the decedent was under the influence of cocaine and demanded more cocaine from Appellant at gunpoint. ***See id.*** Appellant claimed that the decedent opened fire first and that Appellant killed the decedent in self-defense. ***See id.*** The abuse of a corpse charge arose from Appellant dismembering the decedent's body and disposing of it in sulfuric acid. ***See id.***

> June 26, 2020. [*Sedlak*, 2020 WL 3484971]. [Appellant's current counsel, Suzanne M. Swan, Esq. (current counsel)] then filed the instant PCRA petition on August 12, 2024. This matter was reassigned to [the PCRA court] due to the retirement of Judge Manning. [The PCRA court] filed a notice of intent to dismiss because [Appellant's PCRA] petition was untimely.

PCRA Ct. Op., 4/1/25, at 1-2 (some formatting altered). On December 12, 2024, the PCRA court dismissed Appellant's third PCRA petition without a hearing. On January 13, 2025, Appellant filed a timely counseled notice of appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Did the [PCRA] court err in denying the PCRA petition without a hearing on the grounds that it lacks jurisdiction to address the substantive claim because the petition is untimely insofar as the claim raised in the petition falls within the "newly discovered [fact]" exception, 42 Pa.C.S. § 9545(b)(1)(ii), to the one-year filing requirement of the PCRA?

2. Is [Appellant] eligible for relief on the basis that the conviction or sentence resulted from the unavailability at the time of trial of exculpatory evidence which has subsequently become available and would have changed the outcome of the trial if it had been introduced, pursuant to 42 Pa.C.S. § 9543(a)(2)(vi)?

Appellant's Brief at 4 (some formatting altered).[4]

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal

_____

[4] Current counsel continues to represent Appellant on appeal.

- 3 -

error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[5] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).

"It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (some formatting altered). The plain language of the PCRA requires that the newly discovered facts were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42

_____

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Pa.C.S. § 9545(b)(1)(ii). To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." *Id.* (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020).

Here, Appellant's judgment of sentence became final on Monday, December 12, 2011, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct.R. 13 (explaining that a petition for writ of *certiorari* must be filed within 90 days of judgment); U.S.Sup.Ct.R. 30 (providing that when the last day for filing falls on a weekend, federal legal holiday, or on a day that the Court building is closed, the filing deadline is extended to the next business day). Therefore, Appellant had one year, until December 12, 2012, to file a timely PCRA petition. Appellant's instant PCRA petition was filed nearly twelve years later on August 12, 2024 and is therefore facially untimely. Because Appellant's PCRA petition is facially untimely, Appellant was required to plead

- 6 -

and prove one of the timeliness exceptions outlined in 42 Pa.C.S. § 9545(b)(1). **See Jones**, 54 A.3d at 16; **Albrecht**, 994 A.2d at 1094.

In his brief, Appellant contends that in August of 2023, his mother spoke to a man named Larry Bill, who is nicknamed Weasel, and Mr. Bill told Appellant's mother that he would have testified at Appellant's trial. **See** Appellant's Brief at 24. Mr. Bill said that he had been contacted by an investigator who worked for Appellant's trial counsel, and that he told the investigator prior to Appellant's trial that he sold Appellant a .22 caliber revolver. **See id.** Mr. Bill stated that Appellant used the revolver to shoot rodents in a building he was renovating. **See id.** However, Mr. Bill alleged that he never heard back from the investigator, and he was never contacted by Appellant's trial counsel to testify. **See id.** at 24-25. Appellant contends that prior to his trial in 2008, he told his trial counsel that the decedent, Patrick Kenney, had taken a .22 caliber revolver from Appellant's office desk, and used it to try and rob Appellant. **See id.** at 25. Appellant asserted that the decedent knew about the gun, removed it from Appellant's desk, and fired it at Appellant several times. **See id.** However, Appellant alleged that trial counsel told him that Mr. Bill would not be called at trial, and Appellant does not recall whether trial counsel gave Appellant an explanation for not calling Mr. Bill to testify. **See id.** Appellant alleges that he learned of Mr. Bill's conversation with Appellant's mother on August 14, 2023, and he contacted current counsel who prepared an affidavit reflecting Mr. Bill's statement. **See id.** Mr. Bill signed and dated the affidavit, and the affidavit was attached to

Appellant's current PCRA petition, which was filed on August 12, 2024.[6] ***See***

***id.*** at 25-26.  Appellant asserts that he filed the current PCRA petition within

one year of learning of Mr. Bill's statement to Appellant's mother and has

satisfied the newly discovered fact exception to the PCRA time bar.  ***See id.***

at 26.

---

[6] Mr. Bill's affidavit, which was attached to Appellant's PCRA petition, stated in relevant part as follows:

> In early August of 2023, I ran into [Appellant's] mom who told me that [Appellant] was still in jail.  I knew [Appellant's] family from living in Greenfield.  I moved around a lot in the past 16 years and hadn't had any contact with them in a while.  Mrs. Sedlak told me that her husband Tom had passed away in 2022.  We talked about [Appellant] still being incarcerated.  I told her that I remembered that back in 2008, I was contacted by an investigator working for [Appellant's] lawyers.  I told [the investigator] about the gun I sold to [Appellant].  Sometime in late 2004, I gave [Appellant] a .22 caliber revolver that was owned by an acquaintance whose house I was working on.  [Appellant] gave me cash for it.  I later saw [Appellant] use the gun to shoot racoons and rats around a building he was renovating.  I never heard from the investigator again or from [Appellant's] lawyers, and figured they didn't need me to testify at [Appellant's] trial.  If I had been asked to testify on [Appellant's] behalf at his trial, I would have been willing and available to do that.
>
> Mrs. Sedlak asked me if I would be willing to sign a statement about what I told the investigator regarding the gun I gave to [Appellant].  I told her that I would.
>
> If asked, I am ready and able to testify at a hearing about this statement[.]

PCRA Pet., 8/12/24, Ex. 1 (Mr. Larry Bill's Statement).

The Commonwealth argues that the facts from Mr. Bill's affidavit were not "newly discovered." Commonwealth's Brief at 31. Rather, these facts were clearly known to Appellant, and Appellant testified at his trial about acquiring the .22 caliber revolver from Mr. Bill. *Id.* at 31-33 (citing N.T., Trial, 2/12/09, at 114-115; 2/13/09, at 32-35). The Commonwealth contends that this information was already known to Appellant and discoverable with the exercise of due diligence. *Id.* at 34.

The PCRA court addressed this issue as follows:

> The information attributed to Larry Bill is not [a newly discovered fact]. On the contrary, Larry Bill's own statement indicates that he disclosed the allegedly new information to [Appellant's] trial counsel at the time of trial. Moreover, [Appellant] actually testified about the alleged newly discovered evidence at trial. [*See* N.T., 2/12/09, at 114-15.] [Appellant] does not allege any new or unknown evidence in support of his petition. Accordingly, he cannot overcome the time-bar. This [c]ourt is without jurisdiction to entertain the instant PCRA petition and the petition was properly denied.

PCRA Ct. Op., 4/1/25, at 5-6 (some formatting altered).

After review, we discern no error in the PCRA court's conclusion. *See Sandusky*, 203 A.3d at 1043. The record reflects that the information that Mr. Bill relayed concerning the .22 caliber revolver was known to Appellant. At trial, Appellant testified about acquiring the .22 caliber revolver from Mr. Bill. *See* N.T., 2/12/09, at 114-15; N.T., 2/13/09, at 32-35. Appellant cannot satisfy the newly discovered fact exception through a new source of previously known facts. *See Maxwell*, 232 A.3d at 745. Further, Appellant cannot establish that he was unable discover this information through due diligence

because, as the PCRA court noted, this information was already known to him at the time of trial. ***See*** PCRA Ct. Op., 4/1/25, at 5-6. Accordingly, Appellant has failed to satisfy the newly discovered fact exception to the PCRA time bar. ***See Brown***, 111 A.3d at 176. As stated above, if a PCRA petition is untimely, and none of the timeliness exceptions apply, courts do not have jurisdiction to address the petitioner's underlying claims. ***See Cox***, 146 A.3d at 227.

For these reasons, we agree with the PCRA court that Appellant's third PCRA petition was untimely, no exceptions apply, and the PCRA court lacked jurisdiction to address the merits of the petition. ***See*** PCRA Ct. Op., 4/1/25, at 5-6; ***see also Cox***, 146 A.3d at 227. Accordingly, we affirm the order denying Appellant's third PCRA petition as untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/2025